## SCHUYLER PECK, APPELLANT, v. ELIZABETH PECK, RESPONDENT.

*Divorce — not granted when both parties are guilty of adultery — evidence — recriminating charges sustained on less than would be required to sustain an action for adultery.*

If both parties to an action, brought by a husband to procure a divorce from his wife on account of her adultery, have been guilty of adultery, neither is entitled to a judgment of divorce.

A recriminating charge, made in such an action by the wife, may be sustained on evidence not as strong as might be necessary to sustain the suit for adultery.

APPEAL from a judgment entered in Onondaga county, dismissing the complaint in this action.

*Costello & Ide,* for the appellant.

*Hopkins & Bondy,* for the respondent.

BOARDMAN, J.:

This action is brought to obtain a divorce on the ground of defendant's adultery. The defendant denies the adultery, and, by way of recrimination, alleges the commission of adultery by the plaintiff, and demands affirmative relief. The reply is a general denial of such charges.

The referee finds as facts (1) that the defendant has committed adultery; (2) that such adultery was committed through the connivance and procurement of plaintiff; (3) that plaintiff has committed the adultery charged, and, as a conclusion of law, that neither party is entitled to a judgment of divorce against the other; and the complaint was thereupon dismissed, with costs. The referee's report was confirmed and judgment ordered accordingly, after a denial of a motion to set aside the report and for a new trial.

The plaintiff seeks to reverse the judgment upon the merits, and alleges that the finding of adultery on his part is not sustained by the evidence, and that the finding of his connivance and procurement of the defendant's adultery is without evidence to sustain it. The plaintiff must succeed on both of these allegations, or the judgment must be sustained as to the merits. If both parties have been guilty of adultery, as is found, neither is entitled to judgment of

divorce. (Code, § 1758, sub. 4; Greenl. Ev., vol. 2, § 53; 2 Bishop Mar. and Div., §§ 76, 86.)   In *Wood* v. *Wood* (2 Paige, 108), at page 111, the chancellor says: "If both parties are guilty, neither has any claim to relief, and they are in that case suitable and proper companions for each other." Has the plaintiff's adultery been established by sufficient evidence? In answering this question we must not forget, in the language of Greenleaf in the section cited, that the recriminating charge may be sustained " on evidence not as strong as might be necessary to sustain a suit for adultery " to the same effect. (2 Bish. M. and D., § 89.)   We have examined the evidence touching the charge of adultery against the plaintiff. We think it strongly tends to establish the fact. It is not positive and incontrovertible, but the circumstances proved justify the inference drawn from them by the referee. There is evidence attacking the character of one of defendant's witnesses and sustaining the character of Mrs. Harvey and the Cork block. Upon such conflicting evidence the conclusion of the referee ought to be final. The plaintiff gave no direct evidence, although it was in his power to repel the inference that might justly be drawn from his conduct as shown. The evidence tends to show and, we think, does show that the plaintiff was repeatedly in the rooms of Mrs. Harvey, going there at eight or nine o'clock at night and staying to a late hour; that Mrs. Harvey's reputation was attacked; that the character of the inmates of the Cork block were attacked.. While the attacks upon Mrs. Harvey and the Cork block were ·controverted, the presence of the plaintiff in her rooms at unreasonable hours was not controverted or explained. The plaintiff's home was in Syracuse and Mrs. Harvey's home in Rochester. There is, therefore, no room for such innocent presumptions as would be· proper in case such circumstances had occurred among neighbors and family friends. We think the fact of plaintiff's adultery is sustained by a sufficiency of evidence, and that the decision of the referee in that respect should be sustained.   ··

Does the evidence show connivance at and procurement of the defendant's adultery by the plaintiff? We think it does not. There is abundance to excite suspicion, but it does not reach the height of evidence. The presence of Evans and Wright at Lilly's Grove at the precise time and place to see this act of adultery committed, the

immediate procurement and service by one of them of a summons upon defendant, the earnest advice given by him to her not to defend, the part taken by Mrs. Sarah Peck in a similar way, are very suggestive of plans and contrivances to secure evidence of defendant's guilt. But the plaintiff is not connected therewith in any way. There is no evidence that the plans were his, or that he knew of or consented to them. If he suspected his wife's infidelity, he might lawfully watch her — he might hire others to watch her, in order to obtain proof of her guilt. The latter was, doubtless, done in the present case, but there is no evidence that the plaintiff employed Barnes to accomplish the act, or with Barnes created the opportunity. So far as appears, plaintiff had no knowledge of or participation in Barnes' purposes, acts or plans. The same is equally true in regard to Mrs. Sarah Peck. While the plaintiff might permit, he could not invite the adultery of his wife. (2 Bish. on M. and D., § 9 ; *Robbins* v. *Robbins,* 5 N. E. [Mass.] Rep., 837.) But it does not appear that he either permitted or invited the act of his wife. Hence we conclude that the sixth finding of fact in the referee's report is unsupported by evidence.

This leaves the parties *in pari delictu.* Both appear in court with unclean hands. Neither party can complain of an injury of which he or she is equally guilty. Both have been guilty of adultery, and hence neither can have judgment of divorce against the other. (*Smith* v. *Smith,* 4 Paige, 432 ; Code, § 1758, sub. 4, and authorities cited *supra.*) The judgment is right, then, upon the merits and must be affirmed, unless fatal errors occur in the rulings on admission of testimony or upon the trial, or in refusals to find on request.

The amendment of the answer upon the trial was within the discretion of the court and was proper. (*Smith* v. *Smith,* 4 Paige, 432.) It is not the policy of the law to allow judgments of divorce to be taken where a valid defense exists, and courts on their own motion interfere to prevent such result, where the facts are brought to their knowledge. The exceptions to rulings on admission of evidence are mostly to such testimony as tended to establish plaintiff's connivance with his wife's adultery. Since we now hold and decide that such connivance was not established, the erroneous rulings, if any, could not and do not harm the plaintiff. The

defendant's evidence as to the character of Mrs. Harvey, and the Cork block was competent. (2 Greenl. Ev. § 44.) The referee refused to make various findings in respect to plaintiff's connivance with defendant's adultery. If such refusals were erroneous they have been corrected by our disregard of the finding that plaintiff was guilty of such connivance. The plaintiff has not been injured either by such refusals to find or by findings in fact made. The other exceptions to the refusals to find as requested relate to plaintiff's adultery, and have already been disposed of in the earlier part of this opinion. After a careful examination of this case we think the complaint was properly dismissed.

The judgment is affirmed, with costs.

FOLLETT, J., concurred.

HARDIN P. J.:

I concur for the reasons given in the opinion, as well as those stated in *Holcomb* v. *Holcomb* (3 New York State Rep., 762), lately decided in the Third Department, opinion by LEARNED, P. J.

Judgment affirmed, with costs.